UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERLENA SEXTON-WALKER,

       Plaintiff,                              Case No. 2:09-cv-13969
                                                          Hon:  Lawrence P.  Zatkoff

v.

DETROIT PUBLIC SCHOOLS,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 21, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

At this time, there are a number of outstanding motions and issues before the Court in this case. The Court addresses each of them below.

**A.   Motion to Withdraw**

The first matter before the Court is a Motion to Withdraw filed by Plaintiff's attorney, Richard A. Meier (Docket #16). Mr. Meier's motion was precipitated by a December 10, 2010, letter he received from Plaintiff, wherein she stated that she was terminating him as her counsel. The Court also notes that it received numerous calls and letters from Plaintiff in December 2010. In each such communication to the Court, Plaintiff expressed that she "fired" her attorney and was proceeding in *pro se*. In each instance, the Court's staff: (1) informed Plaintiff that she was

1

represented by counsel, (2) told her that they could not communicate with her so long as she was represented by counsel, and (3) directed her to Mr. Meier.

For the following reasons, the Court finds that it would be premature to take any action on Mr. Meier's Motion to Withdraw at this time. It is well-established that, in any legal matter, a party is usually best-served when represented by legal counsel. Among the many reasons that theory is well-established are: (1) laypersons are not well-versed in the law, including its rules of procedure and evidence, and (2) attorneys have training and, usually, experience in the law, including its rules of procedure and evidence.

The recent Motion for Summary Disposition filed by Plaintiff, purportedly acting in *pro se*, exemplifies those reasons. As discussed below, the motion and brief submitted by Plaintiff in support of the Motion for Summary Disposition, although well-written, was deficient in a number of ways. Most significantly, she did not include any evidence that would be admissible at trial to support her arguments that there was an absence of any genuine issue of material fact with respect to her claims. The challenges Plaintiff will encounter if she elects to proceed in *pro se* in this matter will only be exacerbated at the latter stages of this case, especially when it will be necessary to prepare the necessary documents for the final pretrial conference (*i.e.*, the Joint Final Pretrial Order and the joint jury instructions) and at trial, when she would have to personally try the case before a jury. There are many, many rules of civil procedure, evidence and trial practice that must be followed at trial, and a *pro se* litigant, like any attorney, must follow all of those rules. In most cases, a *pro se* litigant is not qualified to, nor does he or she have the ability to, adequately try his or her case, especially in the courtroom.

For the foregoing reasons, the Court strongly encourages Plaintiff to retain legal counsel to represent her at all times in this matter, especially as it should not be difficult to obtain

competent counsel to try her case, and recommends that Plaintiff first re-establish contact with Mr. Meier about representing her.  Based on the record in this case, it appears to the Court that: (a) Mr. Meier has provided Plaintiff with competent legal counsel thus far, and (b) the basis of Plaintiff's frustration with Mr. Meier, and the reason for her desire to "fire" him, was that Mr. Meier extended professional courtesies to defense counsel in the form of stipulating to (or not opposing) extensions sought by Defendant.  There is no indication, however, that Mr. Meier failed to: (1) pursue Plaintiff's case with vigor, (2) act in a timely, professional and dedicated manner, (3) perform competently on Plaintiff's behalf, and/or (4) communicate in good faith with Plaintiff about her case.  In fact, despite Plaintiff's protest to the contrary, the Court notes that Mr. Meier correctly told Plaintiff that her case is not the type of case where a Plaintiff typically files (or succeeds on) a motion for summary judgment.  Finally, as Mr. Meier conducted all of the discovery in this case, he presumably has a thorough understanding of Plaintiff's case.

For the foregoing reasons, the Court hereby ORDERS Plaintiff and Mr. Meier to discuss his renewed representation of her, with such discussions to occur no later than January 30, 2011.  The Court further ORDERS Mr. Meier to contact the Court, in writing, with a copy of the communication sent to Plaintiff, on or before January 31, 2011.  Therein, Mr. Meier shall advise the Court whether or not he will represent Plaintiff on a going-forward basis, including for purposes of the final pretrial conference and at trial, if a trial is necessary.  A signed and dated statement by Plaintiff, which shall expressly provide either that she desires to have Mr. Meier represent her or that she does not want Mr. Meier to represent her, shall be attached to Mr. Meier's communication to the Court.  Upon receipt of Mr. Meier's communication, the Court shall determine whether to grant or deny Mr. Meier's Motion to Withdraw.

In the event that Plaintiff does not want to retain Mr. Meier and the Court grants Mr. Meier's Motion to Withdraw, the Court still believes that Plaintiff should be able to retain competent counsel to litigate her case, if she diligently pursues new counsel. The time-consuming portion of the case (conducting discovery) has passed, as has the risk that the case might be dismissed at the summary judgment stage. All that new legal counsel would need to do in order to try this case is to become acquainted with the file, prepare for the final pretrial conference and, if necessary, represent Plaintiff at the jury trial. The final pretrial conference will be held on March 31, 2011, at 10:00 a.m. In the event Plaintiff elects not to continue to retain Mr. Meier as her counsel, the Court recommends that Plaintiff seek and retain legal counsel well in advance of that date because that attorney (or Plaintiff, if she elects to proceed in *pro se*) will be expected to knowledgeably prepare the Joint Final Pretrial Order and joint jury instructions due at that time, as well as participate at the final pretrial conference.

For the foregoing reasons, the Court hereby takes Mr. Meier's motion to withdraw (Docket #16) under advisement, to be reconsidered upon receipt of Mr. Meier's communication to the Court, as directed above.

**B.     Motion for Reconsideration**

The second matter before the Court is the Response to the Court's Order Extending Dispositive Motion Cut-Off Date ("Response") filed by Plaintiff, purportedly acting in *pro se*. (Docket #s 17 and 21). Although Plaintiff technically has not been trying this matter in *pro se*, Plaintiff and Mr. Meier clearly have proceeded under the assumption that she is. Therefore, in the interests of judicial economy and because Mr. Meier did not address Defendant's request to extend the dispositive motion cut-off, the Court shall consider the merits of the Response filed by Plaintiff.

As the Response challenges the granting of Defendant's motion to extend a date, the Court shall treat the response as a motion for reconsideration. In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. & Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

In this case, Plaintiff is asking the Court to revisit the same issues expressly ruled upon by the Court in deciding Defendant's motion. Plaintiff's primary argument is that Mr. Meier should have filed a response in opposition to the Defendant's request for extension of the dispositive motion cut-off date. The Court finds that there are two reasons to deny Plaintiff's motion for reconsideration. First, the Court does not find that there was a palpable defect upon which the Court or the parties were misled, and the Court would have granted Defendant's request even if Mr. Meier (or Plaintiff) had filed a timely response, for the reasons set forth in Defendant's motion to extend the dispositive motion cut-off date. Second, the issue is now moot because, notwithstanding the fact that the Court granted additional time within which the parties could file dispositive motions, Defendant did not file a dispositive motion prior to the new deadline. Accordingly, Plaintiff's Response to the Court's Order Extending Dispositive Motion Cut-Off Date (motion for reconsideration) (Docket #s 17 and 21) is DENIED.

**C.     Plaintiff's Dispositive Motion**

Plaintiff, again purportedly proceeding in *pro se*, took advantage of the extension of the dispositive motion cut-off date and filed a "Motion for Summary Disposition" (Docket #18). For

the reasons set forth in Part B., above, and because no other dispositive motion has been filed on Plaintiff's behalf, the Court shall, in the interests of justice and judicial economy, consider the merits of Plaintiff's "*pro se*" Motion for Summary Disposition. Defendant has not filed a response to Plaintiff's dispositive motion, and the time within which to file a response has expired. Accordingly, the Court shall decide Plaintiff's Motion for Summary Disposition on the motion and brief she submitted.

### 1. Legal Standard

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings, combined with any affidavits in support show that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law. *See* FED.R.CIV.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED.R.CIV.P. 56(e);

*Celotex*, 477 U.S. at 324. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

    *2.    Analysis*

In reviewing Plaintiff's motion and brief, the Court finds that Plaintiff has not satisfied her burden of demonstrating that there is no genuine issue of material fact in this case. In her motion, Plaintiff essentially does two things: (1) she restates the allegations set forth in her Complaint, and (2) she contests the answers and legal defenses to the Complaint that Defendant filed. Plaintiff does not, however, cite to or attach to her motion any exhibits or evidence of numerous documents to which she refers, and she does not identify any deposition testimony that would support her position. In short, the Court has little to analyze other than allegations. In addition, aside from an acceptable discussion of the summary judgment/summary disposition standard, Plaintiff provides very limited legal discussion in her motion. More specifically, Plaintiff simply identifies the Americans with Disabilities Act ("ADA"), offers legal support to demonstrate that there is no Eleventh Amendment immunity for violation of the ADA (and/or the Rehabilitation Act) and identifies the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution. Other than the extraneous issue of the Eleventh Amendment, Plaintiff offered no legal analysis whatsoever in her motion and/or brief.

Based on the foregoing, the Court concludes that Plaintiff has not met "the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 323. Therefore, the Court denies the Motion for Summary Disposition filed by Plaintiff.

7

**D.     Defendant**

In reviewing the record, there are numerous instances that suggest to the Court that Defendant has not diligently defended this case. First, Plaintiff obtained a clerk's entry of default against Defendant at the earliest stage of this case. Second, Defendant has sought a number of extensions of deadlines throughout the litigation. Third, despite the Court granting Defendant's most recent request for an extension (to extend the dispositive motion cut-off date because Defendant believed one or more of Plaintiff's claims were deficient as a matter of law), Defendant never filed a dispositive motion. Finally, Defendant failed to file any response to Plaintiff's Motion for Summary Disposition.

Based on the foregoing acts or, as has often been the case, failures to act, the Court hereby advises and puts Defendant on notice that its continued failure to actively and timely defend this case may result in significant and serious sanctions against Defendant. Future inaction that could constitute a failure to actively and timely defend this case includes, but is not limited to, failing to: (a) attend the final pretrial conference, and/or (b) actively participate in the preparation of the Joint Final Pretrial Order or the joint jury instructions, both of which are due at the final pretrial conference. Moreover, sanctions that may be imposed by the Court for any such failures include, but are not limited to, the Court: (1) striking Defendant's pleadings and defenses, (2) entering judgment on liability in favor of Plaintiff and against Defendant, and/or (3) awarding Plaintiff the damages she has demanded.

**E.      Conclusion**

For the reasons set forth above, the Court hereby:

        A. TAKES UNDER ADVISEMENT the Motion to Withdraw filed by Mr. Meier (Docket #16); and

        B. DENIES Plaintiff's Response to the Court's Order Extending Dispositive Motion Cut-Off Date (Docket #s 17 and 21); and

        C. DENIES Plaintiff's Motion for Summary Disposition (Docket #18).

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  January 21, 2011