UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERLENA SEXTON-WALKER,

       Plaintiff,                               Case No. 2:09-cv-13969
                                                 Hon: Lawrence P. Zatkoff

v.

DETROIT PUBLIC SCHOOLS,

       Defendant.

and

VERLENA SEXTON-WALKER,

       Plaintiff,                               Case No. 2:11-cv-11946
                                                 Hon: Lawrence P. Zatkoff

v.

DEBORAH MANCIEL and
JASON PATTON,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 2, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On October 7, 2009, Plaintiff filed Case No. 09-13969, wherein she alleged that Defendant Detroit Public Schools ("DPS") violated her rights under: (1) the Americans with Disabilities Act ("ADA") (Counts I and II), (2) Title VII (Count III), (3) the Michigan Elliot

1

Larsen Civil Rights Act ("ELCRA") (Count IV), and (4) the Michigan Persons with Disabilities Act ("MPDA") (Count V).  The Court dismissed without prejudice Plaintiff's state law claims (Counts IV and V).  In Case No. 09-13969, Plaintiff was represented by retained counsel, Richard Meier, until February 2011, but currently is proceeding in pro se.

On May 3, 2011, Plaintiff, proceeding in pro se, filed Case No. 11-11946, wherein she alleged that Defendants Deborah Manciel and Jason Patton (the principal and assistant principal, respectively, at the DPS school where Plaintiff was employed) violated her rights under: (1) the ADA (Counts I and II), (2) Title VII (Counts II and III), (3) the Equal Protection Clause under the Fourteenth Amendment (Count IV), (4) ELCRA (Count V), and (5) MPDA (Count VI).  Case No. 11-11946 initially was assigned to Judge Friedman but, because it was a companion case as defined by E.D. Mich. L.R. 83.11(b)(7)(A), was reassigned to the undersigned.  The Court then dismissed without prejudice Plaintiff's state law claims (Counts V and VI).

The factual allegations in support of the claims in Case No. 11-11946 are substantially similar (and at times indistinguishable from) the factual allegations in support of the claims in Case No. 09-13969.  Although Plaintiff has added a claim for violation of the Equal Protection Clause in Case No. 11-11946, there are no new or different allegations to support that claim.  In fact, Plaintiff actually frames the Equal Protection claim in the context of the failure of Ms. Manciel and Mr. Patton to accommodate her disability.  In other words, the claims in both cases are essentially the same and they all arise out of the same factual circumstances.  The only meaningful difference in the two cases is that, in Case No. 11-11946, Plaintiff has named as defendants the individuals at DPS allegedly responsible for making the decisions that violated her rights rather than simply asserting that DPS made those decisions, as she did in Case No. 09-13969.

Where two causes of action assert the same claims, and arise out of the same factual circumstances, the interests of judicial economy – and the interests of the parties – weigh heavily in favor of consolidating the causes of actions.  Here, the Court finds that litigating the two causes of actions separately: (1) would be a waste of judicial resources, (2) could result in inconsistent verdicts, and (3) would require substantial additional – and unnecessary – costs to all parties, including Plaintiff.  Accordingly, the Court concludes that the interests of justice dictate that Case No. 09-13969 and Case No. 11-11946 should be consolidated.

For the reasons set forth above, the Court ORDERS that Case No. 11-11946 be, and hereby is, consolidated with and into Case No. 09-13969.

The Court directs that the parties are still to appear at the Court in Port Huron Thursday, June 9, 2011, at 10:30 a.m., the time the Court previously scheduled a final pretrial conference in Case No. 09-13969.  At that time, the Court shall address both cases, including discussing the time needed to conduct discovery with respect to the claims/defendants named in Case No. 11-11946.  As such, the Court will not be addressing final pretrial conference issues for the claims brought in Case No. 09-13969, as previously scheduled.

IT IS SO ORDERED.

                                                         s/Lawrence P. Zatkoff
                                                         LAWRENCE P. ZATKOFF
                                                         UNITED STATES DISTRICT JUDGE

June 2, 2011